UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ZACHARY MEDLOCK

      Plaintiff

    v.

THE TRUSTEES OF INDIANA UNIVERSITY,  **1:11 -cv- 0 9 7 7 TWP -TAB**
BENJAMIN MONAHAN-ESTES In His
Individual Capacity, CAITLIN CLARK In Her Individual Capacity,
CHRISTOPHER KING In His Individual Capacity,
HAROLD GOLDSMITH In His Official Capacity and
KAREN HANSON In Her Official Capacity,

      Defendants.

## VERIFIED COMPLAINT FOR INJUNCTION AND DAMAGES

Plaintiff, Zachary Medlock, being first duly sworn upon his oath, by counsel, alleges:

    1.    Plaintiff is an individual who resides Bloomington, Indiana. At all relevant times, Plaintiff was enrolled as a full-time undergraduate student at Indiana University—Bloomington. He resided in Room 1018-B, a single occupant dormitory room in Wilkie South residence center.

    2.    Defendant The Trustees of Indiana University is the governing body of Indiana University, a state educational institution ("IU").

    3.    Defendants Monahan-Estes, Clark, King, Goldsmith and Hanson are individuals who, at all relevant times, were employees or agents of IU. Monahan-Estes and Clark were resident advisors (RAs) at Wilkie. King was an IU police officer. Goldsmith was the Dean of Students and Hanson was the Provost and Executive Vice President.

4. On or about March 9, 2011, Monahan-Estes and Clark, acting in concert with one or more Indiana University Police Department (IUPD) officers, including King, conducted a warrantless search of Plaintiff's dorm room.

5. Monahan-Estes, Clark and King claim that they discovered marijuana and related paraphernalia during their warrantless search of Plaintiff's room. King placed Plaintiff under arrest.

6. On or about March 11, 2011, the Monroe County Prosecutor's office filed criminal charges against Plaintiff based on evidence obtained during the warrantless search of Plaintiff's room.

7. On that same date, Defendant Goldsmith dated a letter addressed to Plaintiff stating that Plaintiff was being summarily suspended from IU effective immediately based on evidence obtained during the warrantless search. Plaintiff submitted a timely written request for hearing and a hearing commission panel was convened to consider Plaintiff's discipline. Following a hearing on or about March 28, 2011, Plaintiff was suspended from IU for one year effective March 12, 2011.

8. Plaintiff has exhausted his administrative remedies for challenging the suspension. Specifically, following the decision of the hearing commission panel, Plaintiff timely submitted a written appeal of the panel's decision to Defendant Hanson. When no response from Hanson was forthcoming, Plaintiff met with Defendant Hanson May 4, 2011 and requested reconsideration of his suspension. Plaintiff's counsel followed up with a letter to Defendant Hanson dated May 6, 2011 and a certified letter dated May 27, 2011 requesting a decision regarding Plaintiff's appeal.

9. Defendant Hanson never gave Plaintiff notice that she was denying his appeal or requests for relief. By virtue of Defendant Hanson's failure to respond to Plaintiff's written and oral requests for relief from the suspension, on or about June 3, 2011 Plaintiff considered his requests for relief from the suspension denied or futile.

10. This action is brought pursuant to 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

## COUNT I

## FOURTH AMENDMENT

11. Plaintiff incorporates by reference his prior allegations as if fully set forth herein.

12. At all relevant times, Plaintiff's dormitory room was his home and he had a legitimate expectation of privacy therein.

13. Acting under color of state law, Monahan-Estes, Clark and King conducted a warrantless search of Plaintiff's room.

14. Monahan-Estes, Clark and King's warrantless search of Plaintiff's room was unreasonable and violated the Fourth Amendment to the United States Constitution.

## COUNT II

## PROCEDURAL DUE PROCESS

15. Plaintiff incorporates by reference his prior allegations as if fully set forth herein.

16. Based upon an express or implied contract with IU, Plaintiff was entitled to not be suspended or otherwise disciplined without good cause. Plaintiff has a protected property interest in his continued enrollment at IU.

17. Due process requires that Defendants, The Trustees of Indiana University, Goldsmith and Hanson, base their expulsion or suspension of students on substantial evidence. Plaintiff was also entitled an opportunity to be heard at a meaningful time and in a meaningful manner before being disciplined. Plaintiff was entitled to appeal his suspension. He was denied this process.

18. Defendants' suspension of Plaintiff deprived him of a protected property interest. The suspension was based on inaccurate information and evidence obtained during an illegal search of Plaintiff's room. Plaintiff was summarily suspended, was not afforded a hearing until after being summarily suspended, was not allowed to present evidence of mitigating factors or argue for a lesser punishment. He was then denied an opportunity to appeal his suspension. Therefore, Defendants, The Trustees of Indiana University, Goldsmith and Hanson's decision to suspend Plaintiff was not based on substantial evidence and violates Plaintiff's right to procedural due process guaranteed by the Fourteenth Amendment to the United States Constitution.

19. In addition to the harm to Plaintiff's reputation and the financial damages which he has sustained as a direct and proximate result of the suspension, Defendants' actions have harmed and continue to harm Plaintiff's academic career and employment prospects. Plaintiff is at risk for irreparable harm for which there is no adequate legal remedy.

## RELIEF REQUESTED

Plaintiff respectfully requests the following relief:

1. Judgment in his favor and against Defendants;

2.	An award of monetary damages against Defendants Monahan-Estes, Clark and King in an amount sufficient to compensate him for his losses;

3.	A preliminary injunction (a) requiring Defendants, The Trustees of Indiana University, Goldsmith and Hanson to reinstate Plaintiff to his status as a full-time student in good standing at IU subject to compliance with its lawful policies and rules; (b) ordering the removal of any and all grades assessed Plaintiff as a result of his suspension and converting them to "incompletes" until such time as Plaintiff completes each course; and (c) ordering Defendants to expunge Plaintiff's record of any reference to disciplinary action taken as a result of any evidence illegally obtained from Plaintiff's room pending a final adjudication on the merits and thereafter a permanent injunction;

4.	Attorney fees pursuant to 42 U.S.C. § 1988;

5.	Costs of this action; and

6.	All other relief reasonable in the premises.

I AFFIRM UNDER PENALTY FOR PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE.

_____
Zachary Medlock


_____
Ronald W. Frazier, Atty # 13975-48